**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**MARLON L. MONROE, ESQ., SBN 251897**
**BRIANA L. CRAVANAS, ESQ., SBN 353930**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
APointer@LawyersFTP.com
PBuelna@LawyersFTP.com
MMonroe@LawyersFTP.com
BCravanas@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAY'NEA KITTLING, an individual | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| | **(42 U.S.C. § 1983)** |
| CITY OF EMERYVILLE, a municipal corporation; and DOES 1-50, inclusive. | |
| Defendant(s). | 1) **FOURTH AMENDMENT- EXCESSIVE FORCE** |
| | 2) **FOURTH AMENDMENT- FAILURE TO INTERVENE** |
| | 3) **VIOLATION OF THE BANE ACT** |
| | 4) **NEGLIGENCE** |
| | **JURY TRIAL DEMANDED** |

155 Filbert Street, Ste 208, Oakland, CA 94607
LAWYERS FOR THE PEOPLE
POINTER & BUELNA, LLP

1

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**INTRODUCTION**

1.    This civil rights action arises from the unlawful seizure and use of excessive force against DAY'NEA KITTLING by yet-to-be-identified officers of the Emeryville Police Department.

2.    On June 21, 2025, Plaintiff DAY'NEA KITTLING, who was a minor at the time, was violently assaulted by yet-to-be-identified officers of the Emeryville Police Department after officers confronted her and a group of teenagers waiting at a public bus stop following a shopping trip to a nearby Target store.

3.    Before officers arrived, Plaintiff purchased a beverage at the Target store, spent time talking with friends who were shopping inside the store, and left without being stopped or accused of shoplifting by any Target employee. Moments later, while waiting at a nearby bus stop, officers approached the group to investigate a reported shoplifting incident.

4.    During the encounter, Plaintiff complied with the officers' instructions and remained exactly where she had been told to stand after explaining that, because of her diagnosed attention deficit hyperactivity disorder ("ADHD"), she had difficulty sitting still.  Moments later, another officer arrived, aggressively confronted Plaintiff's cousin, and threatened to slam her to the ground. In fear of her cousin's safety, Plaintiff attempted to explain to the officer that her cousin had recently been injured in a motor vehicle collision.  The officer abruptly turned his attention toward Plaintiff, slammed her to the ground, punched her in the face, pinned her beneath two officers, dragged her across the pavement, and forced her face into the ground before placing her in handcuffs.

5.    Throughout the encounter, Plaintiff repeatedly told officers that she had done nothing wrong, informed them that she was a minor, and begged them to contact her mother.  Rather than de-escalate the encounter, the officers ignored Plaintiff's pleas, continued using force against her, and placed her in the back of a patrol vehicle.  Plaintiff was cited for alleged violations of California Penal Code sections 484(a) (Petty Theft), 182 (Conspiracy), and 243(b) (Battery on a Peace Officer). However, no charges were ever filed against Plaintiff with respect to any of these alleged offenses.

PLAINTIFF'S COMPLAINT FOR DAMAGES
**KITTLING v. CITY OF EMERYVILLE, ET AL.**

6.      As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries to her face, jaw, wrist, and knee, required emergency medical treatment, and continues to experience physical pain, anxiety, fear, and emotional distress.

## JURISDICTION

7.      This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Emeryville, California, which is within this judicial district.

8.      The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1367 over the state law claims, which are related to the federal claims in this action in that they form part of the same case or controversy under Article III of the Constitution of the Unites States of America.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district, and all incidents, events, and occurrences giving rise to the action occurred in this district.

## PARTIES

10.      Plaintiff DAY'NEA KITTLING (hereinafter "Plaintiff" or "Ms. Kittling") is a competent adult, a resident of California, and a citizen of the United States.

11.      Defendant CITY OF EMERYVILLE (hereinafter "Defendant CITY") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that operates the Emeryville Police Department.

12.      Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as Defendant DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names.  Defendants DOES 1 through 50 are employees of Defendant CITY.  Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained.  Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth.  Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

PLAINTIFF'S COMPLAINT FOR DAMAGES
**KITTLING v. CITY OF EMERYVILLE, ET AL.**

duty, negligent supervision, management or control, violation of public policy, and failure to intervene during an illegal arrest and search. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint to name Defendants DOES 1 through 50 when ascertained.

13.     In committing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or color of law and within the course and scope of their employment as law enforcement officers for Defendant CITY.

14.     Due to the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted as the agents, servants, employees, and/or joint participants of Defendant CITY and of one another in carrying out the conduct alleged herein.

15.     Plaintiff filed a timely government claim with Defendant CITY on December 8, 2025, which was rejected on January 21, 2026.

## FACTUAL ALLEGATIONS

16.     On June 21, 2025, Plaintiff DAY'NEA KITTLING, who was a minor at the time, traveled by bus from Oakland, California, with her cousin and several friends to shop at the Target store located in Emeryville, California. The group entered the Target store, where Plaintiff purchased a beverage and spent time talking with friends who were also shopping inside the store. The group then left the store, without being stopped or accused of shoplifting by any Target employee, and walked to a nearby bus stop near the intersection of 40th Street and Horton Street to wait for the bus.

17.     While they waited at the bus stop, a yet-to-be-identified female Emeryville Police Department officer approached them and asked whether they had stolen items from the nearby Target store. Plaintiff and the others denied the accusation. The officer then instructed the group to sit on the curb. Plaintiff explained that she had been diagnosed with attention deficit hyperactivity disorder ("ADHD") and that it was difficult to remain seated for extended periods. The officer told Plaintiff

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

that she could remain standing as long as she stayed where she was.  Plaintiff complied and remained exactly where the officer instructed her to stand.

18.    The female officer then requested additional officers.  Shortly thereafter, a yet-to-be-identified male Emeryville police officer arrived and immediately confronted Plaintiff's cousin.  The officer informed Plaintiff's cousin that she was being detained and threatened to slam her to the ground if she did not immediately sit down.

19.    Concerned for her cousin's safety, Plaintiff calmly attempted to explain that her cousin had recently been injured in a motor vehicle collision.  Rather than acknowledging Plaintiff's concern, the officer appeared to become angered by Plaintiff's explanation in defense of her cousin, and abruptly turned his attention toward Plaintiff.

20.    Without warning, lawful justification, or provocation, the officer forcefully grabbed Plaintiff and slammed her to the ground.  A second yet-to-be-identified male officer immediately joined in restraining Plaintiff.  Together, the officers pinned Plaintiff to the pavement by placing their body weight on top of her while holding her wrists.

21.    Plaintiff repeatedly cried out that she had done nothing wrong and pleaded with the officers to get off of her.  Despite Plaintiff's pleas, the yet-to-be-identified male officer who first grabbed Plaintiff punched Plaintiff in the face, drove his knee into Plaintiff's back, forced Plaintiff's face into the pavement, and, together with the second yet-to-be-identified officer, dragged her across the pavement by her arms and legs before placing her in handcuffs.

22.    At the time officers used force against Plaintiff, she was speaking with her mother on the phone.  During the struggle, one of the officers forcibly took Plaintiff's phone from her possession, preventing her from continuing the call.  While crying and in obvious pain, Plaintiff repeatedly informed the officers that she was a minor and begged them to contact her mother.  Plaintiff also asked the officer how he would feel if someone punched his own daughter in the face.  The officer laughed and responded, "My daughter doesn't act like you."

23.    Plaintiff was put into the back of a patrol car and transported to the police station. While at the police station, a female Emeryville police officer contacted Plaintiff's mother.  When

PLAINTIFF'S COMPLAINT FOR DAMAGES
**KITTLING v. CITY OF EMERYVILLE, ET AL.**

Plaintiff's mother questioned why officers had used such force against a minor, the officer responded, "Do you really think she looks like a minor?"

24. Plaintiff was cited for alleged violations of California Penal Code sections 484(a) (Petty Theft), 182 (Conspiracy), and 243(b) (Battery on a Peace Officer). However, no charges were ever filed against Plaintiff with respect to any of these alleged offenses.

25. As a direct result of Defendants' conduct, Plaintiff sustained significant swelling and pain to her face, jaw, wrist, and right knee. Plaintiff sought emergency medical treatment at Alta Bates Summit Medical Center, where she underwent CT and X-ray imaging, received crutches, and was prescribed pain medication. Plaintiff remained on crutches for approximately two weeks and continues to experience pain in her right knee.

26. At all relevant times, Plaintiff was unarmed, complied with the officers' commands, did not attempt to flee, did not threaten the officers or anyone else, and did not interfere with the officers' investigation. Plaintiff was nevertheless subjected to significant physical force and ultimately released without criminal charges.

27. Defendants lacked any objectively reasonable basis to use the level of force inflicted upon Plaintiff.

28. The force used against Plaintiff was objectively unreasonable under clearly established Fourth Amendment law.

## DAMAGES

29. As a direct and proximate result of each of the Defendant's unlawful use of excessive force, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as a United States Citizen.

30. As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a. Pain and Suffering, including emotional distress;

b. Violation of constitutional rights; and

c. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

31.     The conduct of Defendants was malicious, wanton, oppressive, and in reckless disregard for the rights and safety of Plaintiff.  Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Fourth Amendment—Excessive Force under 42 U.S.C. § 1983)

*(Plaintiff against Defendants DOES 1 through 50)*

32.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

33.     Without warning or lawful justification, Defendants DOES 1-50 forcefully took Plaintiff to the ground, punched her in the face, drove her face into the pavement, dragged her across the pavement, and handcuffed her, even though Plaintiff was compliant, unarmed, not resisting, made no attempt to flee, and posed no immediate threat to the safety of the officers or others.  Under these circumstances, the force used against Plaintiff was objectively unreasonable under the Fourth Amendment.

34.     Defendants DOES 1-50 used objectively unreasonable force under the circumstances, thereby violating both their training and Plaintiff's constitutional rights under the Fourth Amendment.

35.     As a result of Defendants DOES 1-50's conduct, Plaintiff was physically and emotionally injured.  Plaintiff's injuries were a direct and proximate result of Defendants DOES 1-50's unreasonable uses of force.

36.     As a result of their conduct, Defendants DOES 1 through 50 are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

**SECOND CAUSE OF ACTION**

**(Fourth Amendment—Failure to Intervene under 42 U.S.C. § 1983)**

*(Plaintiff against Defendants DOES 1 through 50)*

37.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

38.     At all relevant times, Defendants DOES 1 through 50 were acting under color of state law and within the course and scope of their employment as law enforcement officers for Defendant CITY.

39.     During the incident described herein, one or more DOE Defendant officers observed or otherwise knew that another DOE Defendant officer was using objectively unreasonable and excessive force against Plaintiff, including forcefully taking Plaintiff to the ground, punching Plaintiff in the face, forcing Plaintiff's face into the pavement, dragging Plaintiff across the pavement, and continuing to use force while Plaintiff was being restrained, remained compliant, was unarmed, and posed no immediate threat to the officers or others.

40.     One or more DOE Defendant officers had a realistic and reasonable opportunity to prevent, stop, or mitigate the use of excessive force against Plaintiff, but deliberately or recklessly failed to intervene despite having sufficient time and opportunity to do so.

41.     By failing to intervene and aiding the other officer(s) use of excessive force by holding down Plaintiff, so as and to prevent Plaintiff from shielding herself from the other officer(s) shocking use of excessive force, Defendants DOES 1 through 50 acquiesced in the constitutionally defective conduct as part of a common plan with those officers whose conduct constituted a violation of Plaintiff's rights, thereby themselves violating Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and the use of excessive force.

42.     As a direct and proximate result of Defendants' failure to intervene, Plaintiff suffered the physical injuries, emotional distress, pain and suffering, and other damages alleged herein.

43.    The conduct of Defendants DOES 1 through 50 was intentional, reckless, malicious, and undertaken with conscious disregard for Plaintiff's constitutional rights, thereby entitling Plaintiff to recover compensatory damages, punitive damages against the individual Defendants, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, costs of suit, and such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (NEGLIGENCE)

*(Plaintiff against Defendants CITY and DOES 1 through 50)*

44.    Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

45.    At all times, Defendants DOES 1 through 50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

46.    At all times, Defendants DOES 1 through 50 owed Plaintiff the duty to act with reasonable care.

47.    These general duties of reasonable care and due care owed to Plaintiff by Defendants included but are not limited to the following specific obligations:

    a.    To refrain from employing excessive force;

    b.    To refrain from escalating a non-threatening encounter into a violent confrontation;

    c.    To refrain from abusing the authority granted to them by law;

48.    Defendants DOES 1-50, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

49.    Defendants DOES 1-50's acts were done within the scope of their employment as police officers for Defendant CITY.

50.    Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code § 815.2.

PLAINTIFF'S COMPLAINT FOR DAMAGES
**KITTLING v. CITY OF EMERYVILLE, ET AL.**

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

51.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Violation of the Bane Act (Cal. Civ. Code § 52.1))

*(Plaintiff against Defendants CITY and DOES 1 through 50)*

52.     Plaintiff(s) hereby re-allege(s) and incorporate(s) each and every paragraph in this Complaint as fully set forth here.

53.     Plaintiff brings her "Bane Act" claim individually for the direct violation of her own rights.

54.     By their conduct described herein, Defendants DOES 1-50, acting in concert, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.   The right to be free from excessive force.

    b.   The right to be free from arrest without probable cause that Plaintiff had committed a crime.

55.     The threats, physical force, and coercive conduct employed by Defendant Officers constituted the independent threats, intimidation, and coercion required by Civil Code § 52.1.

56.     All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

57.     Pursuant to Cal. Gov. Code § 815.2, Defendant CITY is vicariously liable for the violation of rights by its employees and agents.

58.     As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ.

Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

59.    Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, in a sum to be determined according to proof;

3.    For punitive damages against the individual DOE Defendants according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988; the Bane Act's fee provision; and as otherwise allowed by California and/or federal law;

5.    All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6.    For the cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

Dated:  July 21, 2026                    POINTER & BUELNA, LLP
                                         LAWYERS FOR THE PEOPLE

                                         /s/ *Marlon Monroe*
                                         MARLON L. MONROE
                                         BRIANA L. CRAVANAS
                                         Attorneys for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

PLAINTIFF'S COMPLAINT FOR DAMAGES
**KITTLING v. CITY OF EMERYVILLE, ET AL.**